IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK STEWART, #R74349,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:20-cv-01082-SMY |
| | ) |
| **ROB JEFFREYS,** | ) |
| **DEANNE M. BROOKHART,** | ) |
| **DR. SHAW,** | ) |
| **LAURA CUNNINGHAM,** | ) |
| **NURSE PRACTITIONER STOVER,** | ) |
| **PAMELA WARD,** | ) |
| **NURSE SEED,** | ) |
| **NURSE SWINSON,** | ) |
| **NURSE THURMOND,** | ) |
| **C/O HARMON,** | ) |
| **C/O GREENTREE,** | ) |
| **NURSE MATTOX,** | ) |
| **LT. DIXON,** | ) |
| **L. LIVINGSTON,** | ) |
| **WEXFORD HEALTH SOURCE, INC.** | ) |
| **NURSE FERGUSON,** | ) |
| **NURSE WELTY, and** | ) |
| **NURSE PRACTITIONER LURKING,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Frederick Stewart, an inmate of the Illinois Department of Corrections currently incarcerated at Stateville Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Lawrence Correctional Center. He asserts First, Eighth, and Fourteenth Amendments claims, Health Insurance Portability and Accountability Act (HIPAA) violations, a state law medical negligence claim, and violations of various policies and protocols. (Doc. 18). Plaintiff seeks monetary damages and injunctive relief. (*Id.*).

The case is before the Court for preliminary review of the Second Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.[1]  28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

## The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 18): When Plaintiff arrived at Lawrence Correctional Center, he was not seen by medical staff as required following an intra-IDOC transfer.  This was negligent as he has pre-existing medical conditions.  He did not receive his aspirin and vitamins for his heart disease for two weeks (October 3-17, 2019).  Correctional officers told Plaintiff that medical said his prescription expired, but he was not called to medical.  He wrote nurse sick call request slips about his medical need that were ignored.  He wrote a grievance and was told to make sick call requests.

Plaintiff complained about chest pain and palpitations and was taken to the health care unit on October 17 or 19, 2019.  The nurse lied and said the EKG was normal.  Plaintiff was given medication and was told Dr. Pittman said he could return to his cell.  Nurse Ward told him to write up Dr. Pittman if he had an issue, but Dr. Pittman did not see his EKG and Nurse Practitioner Lurking had reviewed it.

Plaintiff had palpations on December 17, 2019 but Nurse Seed did not notify the doctor as required by protocol.  In January 2020, Nurse Ward altered the information on Plaintiff's vital signs and changed his order for blood pressure checks from twice daily to once daily, without

---

[1] Following preliminary review under § 1915A, the Complaint was dismissed and Plaintiff was granted leave to file an amended complaint. (Doc. 8).  The First Amended Complaint was also found to be deficient and Plaintiff was given another opportunity to file an amended complaint. (Doc. 13).

2

notifying the doctor. Nurse Ward told him he did not need twice daily checks. Nurse Ward denied Plaintiff access to proper medical care by failing to accurately document his vitals or tell the doctor about his complaints. Nurse Seed failed to follow AD protocol and notify the doctor when Plaintiff complained about a medical issue. Nurse Swinson refused to call a doctor when Plaintiff's blood pressure was extremely low, or his heart rate was "off" and even put a board over his cell window to cover it when he complained.

Nurse Thurmond and C/O Harmon covered Plaintiff's cell door several times when he complained about life threatening arrythmia and pain. C/O Harmon also placed a board over his window when he complained about chest pains, arrythmias and when he passed out. Nurse Thurmond discussed Plaintiff's medical care with C/O Harmon and had him recording vital signs which is medical's job and a HIPAA violation. C/O Harmon told nurses they did not have to take Plaintiff's vitals if he would not allow Harmon or inmate workers to document vital signs.

Warden Brookhart authorized administration to place Plaintiff in segregation for declaring hunger strikes and called Dr. Pittman and demanded she release him from the health care unit so they could force him on watch for writing grievances on mental health the day before. Warden Brookhart also authorized administration to write Plaintiff disciplinary tickets for refusing housing when declaring hunger strikes. C/O Greentree gave him Plaintiff disciplinary tickets for trying to declare hunger strikes for not receiving medical care and refused to call medical when he requested medical care. Plaintiff talked to Warden Brookhart about these issues and she told him she was aware of what he was doing.

Health Care Unit Administrator Laura Cunningham was responsible for the health care unit and ensuring nurses followed protocol. When Plaintiff complained to Cunningham, she did not have him removed from the health care unit.

Doctor Shaw negligently removed Plaintiff from the health care unit and denied him proper medical monitoring for atrial fibrillation (afib), ventricular tachycardia (v-tac), and supraventricular tachycardia (SVT).

Defendants were not accurately documenting Plaintiff's care or monitoring him and did not follow AD and IDR protocols of the American Heart Association dealing with high blood pressure, afib, angina, SVT, and v-tac, and thereby placed his life in danger.

Based on the allegations in the Second Amended Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against Nurse Ward, Nurse Practitioner Lurking, Nurse Seed, Nurse Swinson, Nurse Thurmond, C/O Harmon, Dr. Shaw, Brookhart, Cunningham, and C/O Greentree for deliberate indifference to Plaintiff's serious medical needs by denying him medical treatment and/or proper monitoring and/or providing inadequate medical treatment for chest pain, heart palpitations, low blood pressure, high blood pressure, low heart rate, angina, arrhythmia, pain, atrial fibrillation, ventricular tachycardia, and supraventricular tachycardia.
>
> Count 2: Health Insurance Portability and Accountability Act (HIPAA) violation claim against Nurse Thurmond for discussing his medical care with C/O Harmon and instructing Harmon to record vital signs.
>
> Count 3: Fourteenth Amendment claim against Warden Brookhart for authorizing administration to place Plaintiff in segregation for a hunger strike and authorizing the issuance of disciplinary tickets for refusing housing when declaring a hunger strike and against C/O Greentree for giving Plaintiff disciplinary tickets for trying to declare a hunger strike.
>
> Count 4: First Amendment retaliation claim against Warden Brookhart for authorizing his placement in segregation, ordering his release from the health care unit, and authorizing the issuance of disciplinary tickets in retaliation for a grievance Plaintiff submitted about mental health care and for complaining about his conditions of confinement by declaring a hunger strike and against C/O Greentree for issuing disciplinary tickets for

|               |                                                                                                                                                                                                                                                                                                                                                                                                                                                       |
|---------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|               | **Plaintiff complaining about his conditions of confinement by declaring a hunger strike.**                                                                                                                                                                                                                                                                                                                                                           |
| **Count 5:**  | **Violations of Department of Corrections policies and protocols and American Heart Association protocols against Nurse Seed, Nurse Swinson, Nurse Ward, Nurse Thurmond, and Laura Cunningham.**                                                                                                                                                                                                                                                      |
| **Count 6:**  | **State law medical negligence claim against Nurse Ward, Nurse Practitioner Lurking, Nurse Seed, Nurse Swinson, Nurse Thurmond, and Dr. Shaw for denying Plaintiff medical treatment and/or proper monitoring and/or providing inadequate medical care for chest pain, heart palpitations, low blood pressure, high blood pressure, low heart rate, angina, arrhythmia, pain, atrial fibrillation, ventricular tachycardia, and supraventricular tachycardia.** |

Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Preliminary Dismissals

Plaintiff names Rob Jeffreys, Nurse Practitioner Stover, Nurse Mattox, Lt. Dixon, L. Livingston, Nurse Ferguson, Nurse Welty, and Wexford Health Source, Inc. as defendants, but makes no allegations against them in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each defendant. Merely naming an individual or entity in the caption of a Complaint is not enough to state a claim against that individual or entity. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

---

[2] Plaintiff complains of a number of instances of alleged denials of medical care or inadequate medical care that he does not attribute to any named defendant. This includes the allegations that he was not evaluated by medical staff upon his arrival at Lawrence and was not given medication for two weeks. Any claims he intended to bring based on those allegations are considered dismissed without prejudice.

Further, to state a § 1983 claim, Plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). To the extent Plaintiff seeks to hold any of these Defendants responsible for the actions of subordinate employees, the doctrine of respondeat superior (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Accordingly, in the absence of allegations describing what each of these Defendants did or failed to do in violation of Plaintiff's constitutional rights, claims against them cannot proceed; they will be dismissed without prejudice for failure to state a claim.

## Count 1

Prison officials and medical staff violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Second Amended Complaint are sufficient to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Nurse Ward, Nurse Practitioner Lurking, Nurse Seed, Nurse Swinson, Nurse Thurmond, C/O Harmon, Dr. Shaw, and

6

C/O Greentree for denying Plaintiff medical treatment and/or proper monitoring and/or providing inadequate medical treatment for chest pain, heart palpitations, blood pressure issues, low heart rate, angina, arrhythmia, pain, atrial fibrillation, ventricular tachycardia, and supraventricular tachycardia.  To the extent Plaintiff alleges that Warden Brookhart was made aware of the alleged constitutionally deficient medical treatment and condoned it, he will also be allowed to proceed on an Eighth Amendment claim against her.

However, the allegations that Laura Cunningham was responsible for the health care unit and ensuring nurses followed protocol fail to state a claim.  *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001) (holding there is no respondent superior or "supervisor liability" under 42 U.S.C. § 1983); *Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").  There are no allegations that she was made aware of constitutionally deficient medical treatment or that she was personally involved in the denials of medical care.  Plaintiff states only that he complained to her without any detail.  As such, the claim in Count 1 against Cunningham will be dismissed for failure to state a claim.

**Count 2**

Plaintiff's claim in Count 2, based on the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), fails to state a claim upon which relief may be granted as there is no private right of action under HIPAA.  *See, Carpenter v. Phillips*, 419 F.App'x. 658, 659 (7th Cir. 2011); *Doe v. Bd. Of Trs. Of Univ. Ill.*, 429 F. Supp. 2d 930, 944 (N.D. Ill. 2006) ("HIPAA provides civil and criminal penalties for improper disclosures of medical information, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone."). Only the Secretary of Health and Human Services may

pursue sanctions if a HIPAA violation has occurred. 42 U.S.C. § 1320d-5(a)(1); *see also Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Accordingly, Count 2 will be dismissed.

**Count 3**

Plaintiff fails to state a claim against Warden Brookhart and C/O Greentree for his placement in segregation and the disciplinary tickets he was issued. A disciplinary ticket, even if falsely issued, will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermone v. Burch*, 494 U.S. 113, 125 (1990). Placement in segregation for a short duration without allegations of conditions of that confinement that are "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" does not implicate a protected liberty interest. *See Beaman v. Pollard*, 711 F. App'x 794 (7th Cir. 2018) (four months in segregation does not implicate a protected liberty interest). *Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (no liberty interest in avoiding 182 days' segregation); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (noting that 90 days' segregation was "still not so long as to work an atypical and significant hardship"); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). Here, Plaintiff's allegations do not implicate a liberty interest and, as a result, he fails to state a claim. Count 3 will therefore be dismissed.

## Count 4

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, Plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).  Plaintiff alleges Warden Brookhart retaliated against him for complaining about his conditions of confinement by declaring a hunger strike and exercising his right to file a grievance by authorizing his placement in segregation, ordering his release from the health care unit, and authorizing the issuance of disciplinary tickets.  He also alleges that C/O Greentree issued him disciplinary tickets for complaining about his conditions of confinement by declaring a hunger strike.  These allegations are sufficient to state a plausible First Amendment retaliation claim in Count 4 against Warden Brookhart and C/O Greentree.

## Count 5

Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or … departmental regulations and police practices." *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see also Ashley v. Snyder*, 739 N.E.2d 897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). Therefore, Plaintiff cannot employ § 1983 to enforce Department of Corrections policies and protocols or American Heart Association protocols. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010), and Count 5 will be dismissed for failure to state a claim.

### Count 6

Plaintiff seeks to bring a state law medical negligence claim against the medical professionals. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Because Plaintiff's allegations of medical negligence derive from the same facts as his Eighth Amendment deliberate indifference claim, this Court will exercise supplemental jurisdiction over the claim.

An Illinois medical negligence claim requires the plaintiff to show: (1) the applicable standard of care; (2) the defendant breached the standard of care and was negligent; and (3) and the breach was a proximate cause of the plaintiff's injury. *Chambers v Igram*, 858 F.2d 351, 355 (7th Cir. 1988). Plaintiff's allegations are sufficient to proceed on a medical negligence claim against Nurse Ward, Nurse Practitioner Lurking, Nurse Seed, Nurse Swinson, Nurse Thurmond, and Dr. Shaw.[3]

### Injunctive Relief

Plaintiff is no longer incarcerated at Lawrence, where the events giving rise to this action occurred. As such, any request for injunctive relief is moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a

---

[3] Illinois law requires a Plaintiff pursuing a claim of medical negligence to file an affidavit stating that "there is a reasonable and meritorious cause" for litigation of the claim, along with a physician's report in support of the affidavit. *See* 735 ILCS § 5/2-622. This requirement applies to malpractice litigation in federal court because § 5/2-622 is a substantive condition of liability. *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). Plaintiff has not provided the necessary documentation in support of his claim, but the Seventh Circuit Court of Appeals recently clarified that a plaintiff has until summary judgment to produce this documentation. *See Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). (holding that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622."). Accordingly, Count 6 survives screening but to survive summary judgment, Plaintiff must produce the affidavit and report described in 735 ILCS § 5/2-622.

particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

## Disposition

The Second Amended Complaint survives preliminary review under 28 U.S.C. § 1915A as follows: **COUNT 1** will proceed against **NURSE WARD, NURSE PRACTITIONER LURKING, NURSE SEED, NURSE SWINSON, NURSE THURMOND, C/O HARMON, DR. SHAW, DEANNE M. BROOKHART,** and **C/O GREENTREE** but is dismissed against **LAURA CUNNINGHAM**; Count 4 will proceed against **BROOKHART** and **GREENTREE**; and **COUNT 6** will proceed against **NURSE WARD, NURSE PRACTITIONER LURKING, NURSE SEED, NURSE SWINSON, NURSE THURMOND,** and **DR. SHAW**. Defendants **ROB JEFFREYS, NURSE PRACTITIONER STOVER, NURSE MATTOX, LT. DIXON, L. LIVINGSTON, NURSE FERGUSON, NURSE WELTY, WEXFORD HEALTH SOURCE, INC.** and **LAURA CUNNINGHAM** and **COUNTS 2, 3,** and **5** are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE ROB JEFFREYS, NURSE PRACTITIONER STOVER, NURSE MATTOX, LT. DIXON, L. LIVINGSTON, NURSE FERGUSON, NURSE WELTY, WEXFORD HEALTH SOURCE, INC.** and **LAURA CUNNINGHAM** as defendants in this action.

The Clerk of Court shall prepare for **NURSE WARD, NURSE PRACTITIONER LURKING, NURSE SEED, NURSE SWINSON, NURSE THURMOND, C/O HARMON, DR. SHAW, DEANNE M. BROOKHART,** and **C/O GREENTREE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 18), and this Memorandum and Order to Defendant's place of employment as

11

identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for the Doe Defendants.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Second Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: April 12, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, the Defendants will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**