IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK STEWART #R74349, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CV-1082-SMY |
| | ) |
| DEANNA BROOKHART, et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Plaintiff Frederick Stewart's Request for a Stay of the Summary Judgment briefing (Doc. 110), Motion for Recruitment of Counsel (Doc. 115), and Motion for Entry of Confidentiality Order (Doc. 116). The Court held a hearing on the motions on May 24, 2023.

### Request for a Stay of the Summary Judgment Briefing

Stewart alleges that he has been denied access to his legal documents and requests a stay of the summary judgment briefing for that reason (Doc. 110). The IDOC Defendants filed a Reply and attached Declarations from Hallie Lardi, correctional law library assistant; Patrick Winchell, personal property staff member; and Lt. Timothy Bowden (Docs. 114-1, 114-2, 114-3). These individuals attest that Stewart has been provided access to his legal files in his cellhouse since February 2023. Stewart once again disputed these accounts during the evidentiary hearing on May 24, 2023.

Stewart's request for a stay is denied. However, the IDOC Defendants are **DIRECTED** to provide Stewart with meaningful access to his legal documents *instanter*. Stewart is

**ORDERED** to respond to the pending summary judgment motions no later than June 26, 2023. This deadline will not be extended further absent extraordinary circumstances.

### Motion for Recruitment of Counsel

Litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). That said, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court considers (1) whether the indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 655).

The Court is satisfied that Stewart has made reasonable efforts to find attorneys to represent him. However, it is not evident that this civil rights action is beyond Stewart's abilities as he has now prosecuted his claims through the summary judgment briefing stage. Accordingly, Stewart's Motion for Recruitment of Counsel (Doc. 115) is **DENIED**.

### Motion for Entry of Confidentiality Order

Plaintiff's Motion for Entry of Confidentiality Order (Doc. 116) is **TAKEN UNDER ADVISEMENT.** Defendants are **ORDERED** to, **within 10 days**, submit to the Court (by email, first class mail, or hand delivery), a copy of all documents provided to Defendants' counsel by Plaintiff's counsel in 1:19-cv-00891 (N.D. Ill.) on November 22, 2022, and copies of all discovery requests served on Defendants by Plaintiff on or before November 23, 2022.

**IT IS SO ORDERED.**

**DATED: May 25, 2023**

**STACI M. YANDLE**
**United States District Judge**